NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR MACRAE, SR., : <br> : <br>     Appellant, : <br> : <br> v. : <br> : <br> TEKEMARK GLOBAL SOLUTIONS, : <br> LLC, : <br> : <br>     Appellee. : <br> : | Civil No. 08-2288 (AET) <br><br> **MEMORANDUM & ORDER** |
| A.D. MAC CONSULTING CORP., : <br> : <br>     Appellant, : <br> : <br> v. : <br> : <br> TEKEMARK GLOBAL SOLUTIONS, : <br> LLC, : <br> : <br>     Appellee. : <br> : | Civil No. 08-2285 (AET) |

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court on Appellant Arthur Macrae, Sr.'s ("Macrae") Bankruptcy Appeal [1], Appellant A.D. Mac Consulting Corporation's ("A.D. Mac Consulting") Bankruptcy Appeal [1], and Trustee Barry W. Frost's Motions to Dismiss Arthur Macrae, Sr.'s and A.D. Mac Consulting's Bankruptcy Appeals as Being Moot [5], [6]. The Court has decided these motions based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Trustee Barry W. Frost's Motions to Dismiss are

denied, and Appellant Arthur Macrae, Sr.'s and A.D. Mac Consulting's Bankruptcy Appeals are denied without prejudice. The matters are remanded to the Bankruptcy Court for proceedings consistent with this Memorandum & Order.

## BACKGROUND

On October 13, 2005, A.D. Mac Consulting Corp. ("Debtor"), filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. On March 8, 2006, Barry W. Frost, the Chapter 7 Trustee of the debtor estate ("Trustee"), filed a Report of No Distribution with the Bankruptcy Court and the case was subsequently closed. On June 27, 2007, the Debtor filed a motion with the Bankruptcy Court seeking to reopen on the basis that the Debtor had been a plaintiff in a State Court litigation and any recovery in that litigation would constitute an asset of the Debtor estate, from which, creditors could be paid. On August 9, 2007, an Order was entered by the Bankruptcy Court reopening the Debtor's bankruptcy case and reappointing Barry W. Frost as Chapter 7 Trustee.

On June 27, 2007, the Debtor filed an amended Schedule B to its petition, listing as an asset, a litigation entitled <u>Arthur Macrae, Jr., Arthur Macrae, Sr. and A.D. Mac Consulting Corp. v. Tekemark Global Solutions, LLC, Tekemark, Inc., Power Optec, Inc., ABC Corps. 1- 10, Charles Miller, Guy Del Grande and John Guinta, Individually and in their capacities as Corporate Officers, Directors, or Managers</u>, Superior Court of New Jersey, Law Division, Ocean County, Docket Number OCN-L-3822-06 (the "State Court Cause of Action").

On January 4, 2008, the Trustee filed a Notice of Proposed Sale of the State Court Cause of Action to Appellee Tekemark Global Solutions, LLC ("Tekemark"). The Debtor and Arthur Macrae, Sr., filed objections to the Trustee's proposed private sale to Tekemark, and requested a

hearing to make a separate offer for the purchase of the State Court Cause of Action.

On January 28, 2008, a sale of the State Court Cause of Action was conducted in open court. Two (2) bidders, Tekemark and Mr. Macrae, submitted offers at the sale. The bidding closed with an offer by Tekemark of $50,500.00, and an offer by Mr. Macrae, of $50,000.00 plus twenty percent (20%) of any future recovery on the Cause of Action.

The Trustee recommended the Court's approval of the offer by Tekemark of $50,500.00, as the highest and best offer. At that point, Appellant requested that the Bankruptcy Court make a determination as to which bid was a higher and better offer. The Bankruptcy Court requested that the parties submit briefs on their positions before ruling on the issue.

On March 4, 2008, the Bankruptcy Court issued a written Opinion whereby it accepted the Trustee's recommendation that the Tekemark offer was the highest and best offer, and confirmed the Tekemark bid. On March 13, 2008, an Order was entered by the Bankruptcy Court approving the Trustee's sale of the State Court Cause of Action to Tekemark for the sum of $50,500.00. The Trustee subsequently finalized the sales transaction with Tekemark.

On March 18, 2008, Appellants Arthur Macrae, Sr. and A.D. Mac Consulting each filed Notices of Appeal of the Bankruptcy Court's March 13, 2008 Order approving the sale of the State Court Cause of Action. On May 20, 2008, Trustee Barry W. Frost filed Motions to Dismiss the Bankruptcy Appeals as moot.

## DISCUSSION

The Trustee argues, that because Appellants did not request a stay of completing the sale for the State Court Cause of Action, pending the appeals, and the Trustee completed the sales transaction with Tekemark for the sale of the State Court Cause of Action, Appellants'

Bankruptcy Appeals are thus moot. Specifically, pursuant to 11 U.S.C. § 363(m) of the United States Bankruptcy Code, the reversal or modification on appeal of an order authorizing the sale of property of the debtor does not affect the validity of such Court-authorized sale to an entity that purchased the property in good faith, whether or not such purchaser knew of the pendency of the appeal, "unless such authorization and such sale or lease were stayed pending appeal." Therefore, the Trustee argues that Bankruptcy Code Section 363(m) renders moot any appeal of an order approving sale of property to a good faith purchaser if: (1) the underlying sale was not stayed pending the appeal, and (2) the court, in reversing or modifying authorization to sell, would be affecting the validity of such sale. Krebs Chrysler-Plymouth, Inc. v. Valley Motor's, Inc., 141 F. 3d 490, 499 (3d Cir. 1998).

It is undisputed that Appellants have not sought or obtained a stay of the Bankruptcy Court's March 13, 2008 Order approving the sale of the State Court Cause of Action. However, Appellants argue that the Bankruptcy Court never made an explicit finding that Appellee was a good faith purchaser. Yet, the Trustee maintains, that a finding that Appellee was a good faith purchaser was implicit in the sale approval, and that Appellants have not shown that Appellee purchased in bad faith. Therefore, the question before this Court, is whether it is necessary for the Bankruptcy Court to make an explicit finding that Appellee was a good faith purchaser. The Court finds that it is.

The Third Circuit has held, that "when a bankruptcy court authorizes a sale of assets pursuant to section 363(b)(1), it is required to make a finding with respect to the 'good faith' of the purchaser." In re Abbotts Dairies of Pennsylvania, Inc., v. Pennbrook Foods Co., Inc., 788 F.2d 143, 149 (3d Cir. 1986). Further, the Abbotts court explicitly rejected arguments that the

4

bankruptcy court makes an implicit finding of good faith where (1) it approves the sale, or (2) no objections to the sale based on fraud or collusion are raised at the hearing.  Id. at 148.

The Abbotts court went on to note that "the district court should have remanded the matter to the bankruptcy court for a finding as to whether [the buyer] purchased [the] assets 'in good faith' . . . it should not have taken it upon itself to determine this question in the first instance."  Id. at 149.  In explaining its decision, the Third Circuit opined:

> Such requirement represents a proper exercise of our supervisory authority over both the district and bankruptcy courts.  First, the bankrupcty court, given its greater familiarity with the parties and proceedings, represents the forum best able to make such a determination in the first instance.  Second, it encourages the finality of the bankruptcy court's judgments under section 363(b)(1), because it places prospective appellants on notice of the need to obtain a stay pending appeal, or face dismissal for mootness pursuant to section 363(m), should the district court affirm the bankruptcy court's finding of good faith.  Id.

Therefore, the matter is remanded to the bankruptcy court for a determination as to the "good faith" of the purchaser.

## CONCLUSION

For the reasons given above, and for good cause shown,

It is on this 30th day of July 2008,

ORDERED that Trustee Barry W. Frost's Motion to Dismiss Arthur Macrae, Sr.'s Bankruptcy Appeal [5] is DENIED; and it is further

ORDERED that Trustee Barry W. Frost's Motion to Dismiss A.D. Mac Consulting Corporation's Bankruptcy Appeal [6] is DENIED; and it is further

ORDERED that Appellant Arthur Macrae's Bankruptcy Appeal [1] is DENIED; and it is

further

      ORDERED that Appellant A.D. Mac Consulting Corporation's Bankruptcy Appeal [1] is DENIED; and it is further

      ORDERED that this matter is remanded to the Bankruptcy Court for proceedings consistent with this Memorandum & Order.

      s/ Anne E. Thompson

      ANNE E. THOMPSON, U.S.D.J.